# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| BILLY W. REID, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.  4:14-cv-01424-AKK |
| ) | |
| SERGEANT BRIAN STREIT, et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report on April 4, 2016, recommending the defendants' special report be treated as a motion for summary judgment and, as such, that it be denied.  Doc. 34.  The magistrate judge also recommended that the court deny plaintiff's motion for summary judgment and refer this action to the magistrate judge for further proceedings.  The defendants have filed objections, doc. 38, to the report and recommendation which, for the reasons cited herein, the court deems unpersuasive.[1]

---

[1] The plaintiff also filed "objections" based upon what he describes as "minor factual errors" contained therein.  Doc. 37.  However, the plaintiff states that those errors are "not truly material with regard to the result," and takes no issue with the magistrate judge's recommendation. *Id.* at 1.

The defendants' objections boil down to two main premises–i.e., their disagreement with the plaintiff's contentions and, alternatively, their assertion that they are entitled to qualified immunity. The defendants' arguments are unavailing for several reasons. First, as to the defendants' contention there is no medical evidence which demonstrates the plaintiff "severely aggravated" his hand injury or otherwise reinjured his hand during his arrest, doc. 38 at 2, there are no contemporaneous medical records that directly contradict the plaintiff's testimony that he severely aggravated his hand injury when he fell to the ground during his arrest. Although the defendants direct the court to a medical record dated August 21, 2014, doc. 24-4 at 6, which describes the plaintiff's injury as a "boxer's type fracture," nothing in the record directly addresses whether the plaintiff aggravated that injury when he fell during his arrest. To find otherwise at this juncture, the court would have to draw an inference from the indirect language in the medical record that the plaintiff's injury was solely pre-existing. The court declines to do so because the limited record here does not support such an inference. More importantly, the court is obliged to draw all reasonable inferences in favor of the plaintiff when evaluating the defendants' motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor"). In this instance, a genuine issue of fact

exists regarding whether the plaintiff re-injured his hand (or aggravated an injury) when sheriff's deputies tazed him on July 30, 2012. The existence of that issue precludes summary judgment.

Second, the defendants' reliance on *Whitehead v. Burnside*, 403 F. App'x 401, 403 (11th Cir. 2010), for their contention that the plaintiff cannot create a genuine dispute of fact "in the face of the contradictory, contemporaneously created medical records," doc. 38 at 3, is misplaced. *Whitehead*, involved a plaintiff's contention that a prison physician showed deliberate indifference to his knee injury by failing to schedule surgery for a two and a half week period. 403 F. App'x at 402. However, the defendant produced evidence from at least three physicians who examined the plaintiff and concluded that immediate surgery was not necessary. *Id.* at 404. Therefore, the court concluded that the plaintiff's "personal beliefs regarding the severity of his injury" were not sufficient to overcome the medical opinions of the physicians, which were part of the contemporaneous medical record. *Id.* In contrast, there is no contemporaneous medical evidence which refutes the plaintiff's contention that he suffered from a serious injury at the time the deputies took him into custody. In fact, rather than being "self-serving" testimony, the plaintiff's assertions are corroborated by the defendants' own affidavits which acknowledge the paramedics'

findings that the plaintiff was suffering from a broken hand. *See, e.g.,* docs. 24-1 at 5; 24-2 at 3.

Third, defendants' argument that "[t]here is no medical evidence that shows [their] actions or inactions had any detrimental effect on [the plaintiff's] preexisting injury," doc. 38 at 4, ignores that the defendants carry the initial burden of proving the absence of a genuine issue of fact. Fed. R. Civ. P. 56(c). The defendants have failed to submit medical evidence in support of their position, and it is not unreasonable to infer that the plaintiff's need for hand surgery, and his continuing debilitation, may have resulted from a delay in receiving immediate medical care. More importantly, there is no evidence that the defendants provided the plaintiff any relief for pain during the entire five or six hours the defendants held him at the Forestdale Substation. Doc. 27 at 2–3. Even if the defendants are correct that the delay ultimately had no detrimental effect on the plaintiff's physical condition, it is undisputed that the plaintiff suffered intense pain for an unattended injury while in the defendants' custody.[2] Docs. 33 at 5. As the defendants are well aware, the infliction of unnecessary suffering is "inconsistent with contemporary standards of decency" and the denial of medical care which results in pain and suffering serves no

---

[2] The defendants' general denial on this issue, doc. 27 at 3, absent underlying facts in support, is not sufficient to overcome the plaintiff's specific testimony in that regard.

legitimate penological purpose. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *see also Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) ("an unexplained delay of hours in treating a serious injury states a *prima facie* case of deliberate indifference."). Therefore, a reasonable jury could conclude that the defendants' failure to obtain medical care for several hours resulted in the plaintiff's unnecessary suffering, and thus violated the Eighth Amendment.

Finally, the defendants' assertion that they are entitled to qualified immunity because they purportedly did not violate clearly established law is unfounded. The law is well-established that "[d]elay in treatment of serious and painful injuries [is] . . . clearly recognized as rising to the level of a constitutional claim." *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994);[3] *see also Brown*, 894 F.2d at 1538, and *Farrow v. West*, 320 F.3d 1235, 1247 (11th Cir. 2003). There is simply no credible basis to argue that it was not clearly established at the time of the plaintiff's arrest on July 30, 2012, that an unexplained delay of hours in treatment of a prisoner's serious injury would likely violate constitutional standards.

For all these reasons, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the

---

[3] The court reiterated that even "[a] few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference." 21 F.3d at 394 (*citing Brown*, 894 F.2d at 1533).

objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the court **ORDERS** that the defendants' motion for summary judgment is **DENIED**. The court further **ORDERS** that the plaintiff's motion for summary judgment is **DENIED** and that this matter is **REFERRED** to the magistrate judge for further proceedings.

**DATED** this 7th day of June, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE